## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DIONICIA HERNANDEZ GUEVARA,       \*

    Petitioner,                      \*

    v.                             \*        Civ. No. 1: 26-cv-01673-PX

VERNON LIGGINS,               \*
Field Office Director
of the Immigration and         \*
Customs Enforcement,
Enforcement and Removal     \*
Operations Baltimore
Field Office, et al.,           \*

    Respondents.              \*

                             \*\*\*

## <u>ORDER</u>

On April 28, 2026, Petitioner Dionicia Hernandez Guevara filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pending is Respondents' motion to dismiss for lack of jurisdiction or alternatively to transfer the Petition to the Southern District of Texas. ECF No. 24. Respondents argue that because Hernandez Guevara was not physically in the District of Maryland at the time she filed the Petition, the Court lacks the power to hear the case. *Id*. at 5. For the following reasons, the Court denies the motion.

Generally, where a habeas corpus petitioner challenges her "present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also United States v. Poole*, 531 F.3d 263, 273 (4th Cir. 2008). To perfect such challenge, the petitioner is expected to name her immediate custodian, which is commonly the warden of the facility where the petitioner is detained. *Padilla*, 542 U.S. at 447. But where "a detainee is held in a secret location," or where the custodian cannot be readily ascertained at the

1

time of filing, the Fourth Circuit has relaxed the immediate custodian rule. *See Suri v. Trump,* No. 25-1560, 2025 WL 1806692, at *4–5 (4th Cir. July 1, 2025). "The unknown-custodian exception is critical," the *Suri* Court reasoned, "because a detainee must always have an available forum for a habeas petition." *Id*. *See also Ozturk v. Hyde*, 136 F.4th 382, 390–93 (2d Cir. 2025). Accordingly, where no "diligent attorney" can ascertain her client's whereabouts at a detention center for which the custodian may be named in the petition, and in large measure because of Respondents' choice to shuttle detainees quickly and often, then the case may remain in the only jurisdiction for which it was "proper" for the Petition to be filed. *Suri*, 2025 WL 1806692 at *4–6. For Hernandez Guevara, that would be the District of her last known custodian—the District of Maryland.

The parties do not dispute that the morning of April 28, 2026, prior to filing the Petition, Hernandez Guevara was confined in the District of Maryland. ECF No. 1¶ 34; ECF No. 24 at 1; ECF No. 29 at 1. While attempting to visit Hernandez Guevara at Baltimore ICE hold room, her counsel was informed by an Immigration Customs Enforcement ("ICE") officer that she was en route to an unnamed Texas facility with "several stops" in between. ECF No. 1-1 at 3. Counsel could obtain no further information. *Id*. Later in the day, Counsel looked at ICE's Online Locator to ascertain Petitioner's present custodian of confinement which showed she was still in Baltimore, Maryland. ECF No. 29 at 4; ECF No. 29-3. Thus, when the Petition was ready to be filed that day, Hernandez Guevara filed in the District of her last known custodian, the District of Maryland. ECF No. 1.

But on that same day, April 28, ICE had shuttled Hernandez Guevara through three states and three detention centers. ECF No. 24 at 1–2. She departed the Baltimore ICE hold room at 6:50 AM EST, only to arrive in Richmond, Virginia at 9:50 AM EST. *Id*. ICE then put her on a

plane bound for Harlingen Airport in Texas where she landed at 2:40 PM CST (3:40 PM EST). ECF No. 24 at 2; ECF No 24-1. From there, ICE transported her to the Port Isbel Detention Center, arriving at 7:52 PM CST (8:52 PM EST). ECF No. 24 at 2. ICE next moved her to the El Valle Detention Center where Respondents contend she was finally taken into its custody at 9:48 PM CST (10:48 PM EST). *Id.*

It is also undisputed Hernandez Guevara filed her Petition at 5:58 PM EST (4:48 PM CST). ECF No. 24 at 2; ECF No. 29 at 4. From this, the Court concludes that she had no known custodian at the time the Petition was filed. Rather, she was on the road for most of the day, and more to the point, was not in the custody of any particular warden at the time she filed the Petition.

Whereas here, no known custodian can be ascertained, and Petitioner's counsel attempted to obtain information about her location and confinement, it is proper and equitable to permit filing the Petition in the District of the last known custodian. *See Suri*, 2025 WL 1806692, at *5 (concluding that where a Petitioner was not booked into a detention facility until forty-three minutes *after* his Petition was filed, his Petition was properly filed in the District where the Petitioner was knowingly last detained—otherwise the petitioner "couldn't have filed anywhere"); *Ozturk v. Hyde*, 136 F.4th 382, 390–93 (2d Cir. 2025) (finding the Petition was properly transferred to the District of Vermont—even if Petitioner was in transit to Louisiana when her Petition was filed—because her custodian was unknown despite her counsel repeatedly attempting to ascertain her location in the hours following her arrest); *Flores-Linares v. Bondi*, No. 26-CV-00298-SJB, 2026 WL 179208, at *5 (E.D.N.Y. Jan. 22, 2026) ("Because the Court finds that Petitioner's counsel acted on the only reasonable information available—that on the day the Petition was filed, Petitioner was in this District—and given the unreliability and vagueness of the information relied on by Respondents that he was in New Jersey, the Court finds venue in this District is proper.").

3

*See also Linarez Vilchez v. Kluemper*, No. CV 3:26-0261, 2026 WL 1045082, at *3–4 (S.D.W. Va. Apr. 16, 2026); *Fausto O.I. v. Noem*, No. 26-CV-854 (MJD/LIB), 2026 WL 357652, at *4 (D. Minn. Feb. 4, 2026), *report and recommendation adopted sub nom. Fausto O. v. Noem*, No. CV 26-854 (MJD/LIB), 2026 WL 357654 (D. Minn. Feb. 9, 2026) (collecting cases). *Cf. Mbabid v. Baker*, No. CV MJM-25-3505, 2025 WL 3211024, at *2 (D. Md. Nov. 18, 2025) (concluding the Court lacked jurisdiction and declining to apply the unknown custodian exception where Petitioner's counsel failed to seek updated information from ICE about the Petitioner's whereabouts and ICE provided notice to the immigration court of their intention to transfer Petitioner); *Hernandez Escalante v. Noem*, No. 25-cv-01799-PX (D. Md. June 25, 2025), ECF No. 18 at 2 (denying jurisdiction because it was "undisputed when Hernandez filed his habeas Petition in this Court, he was detained in [Livingston, Texas] ").

For this reason, the Motion to Dismiss or alternatively transfer the case (ECF No. 24) is **DENIED**. By no later than Tuesday, May 19, 2026, Respondents **SHALL RESPOND** to the Petition. Hernandez Guevara **SHALL REPLY** by no later than Tuesday, May 26, 2026;

It is further **ORDERED** that Respondents are enjoined from removing Hernandez Guevara from the continental United States pending the outcome of the Petition so that the Court may retain jurisdiction only so long as necessary to review the Petition. *See A.A.R.P v. Trump*, 605 U.S. 91, 95 (2025) (recognizing the immigration detainees' interests in adjudicating temporary injunction are "particularly weighty" where the Respondents take the position that they cannot return "an individual deported in error.").

So, Ordered.

Date: May 11, 2026

                                          /s/
                                     _____
                                     PAULA XINIS
                                     United States District Judge