**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DIONICIA HERNANDEZ GUEVARA, | * | |
| Petitioner, | * | |
| v. | * | Civ. No. 1: 26-cv-01673-PX |
| VERNON LIGGINS,<br>Field Office Director | * | |
| for U.S. Immigration and<br>Customs Enforcement, | * | |
| Baltimore Field Office | * | |
| Respondents. | * | |

\*\*\*

**ORDER**

Pending is Petitioner Dionica Hernandez Guevara's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.  ECF No. 15.  The matter is fully briefed and for the following reasons, the Court vacates the temporary injunction barring Petitioner's removal from the United States, but holds the Petition in abeyance pending Respondents' written status report on the execution of the removal order.

Petitioner is a native and citizen of Honduras who entered the United States without permission.  ECF No. 15 at ¶¶ 1–2.  United States Customs and Border Patrol encountered Petitioner on December 5, 2018, and released her on an Order of Release on Recognizance.  ECF No. 38-2 at 2 ("ROR order").  The ROR order made plain that Petitioner "must surrender for removal from the United States if ordered" and report to ICE as directed.  *Id.*  ICE also ordered that Petitioner participate in ICE's Intensive Supervision program.  *Id.* at 5.  Thereafter, Petitioner appears to have reported for in-person appointments with ICE at regular intervals.  ECF No. 15-1 at 13.

1

On January 31, 2020, after a hearing, an Immigration Judge ordered Petitioner removed and denied all requested relief from removal. ECF No. 38-3. The removal order became final thirty days later. *Id.*

Petitioner next checked in at the Baltimore ICE office on March 6, 2020, and was told to return the following month. ECF No. 15-1 at 13. But when she appeared as directed, the ICE office was shuttered due to the COVID pandemic. ECF No. 15 ¶ 4. ICE never contacted her to resume reporting, but neither did Petitioner try to reconnect with ICE at any point thereafter. ECF No. 15 ¶ 38.

Six years later, on April 25, 2026, ICE agents arrested Petitioner pursuant to a Warrant of Removal/Deportation. ECF No. 15 ¶ 43; ECF No. 38-4. The warrant commands immigration officers to "take into custody and remove from the United States the above-named [noncitizen], pursuant to law." ECF No. 38-4. Currently, ICE routinely removes Honduran nationals via its own air travel and remains ready to transport Petitioner quickly pursuant to the final order of removal. ECF No. 38-1 at 2.

Before Respondents could remove Petitioner, however, she filed her habeas petition on April 28, 2026. ECF No. 1. The filing triggered entry of Standing Order 2025–01 which enjoined Petitioner's removal for 48 hours so the Court could ascertain whether it maintained habeas jurisdiction. ECF No. 3. The Court next extended the injunction, with the agreement of the parties, until it could better assess the strength of Petitioner's claims. ECF Nos. 19 & 35.

Petitioner subsequently amended the Petition in which she principally argues that her continued detention absent notice and an opportunity to be heard violates the Administrative Procedures Act, 5 U.S.C. § 706(a)(2)(A), the *Accardi* doctrine, and due process. ECF No. 15 ¶¶ 44–77. None of the claims at this juncture are likely to succeed.

First, Petitioner contends that because Respondents did not previously remove Petitioner, the Court should "presume" her removal is no longer reasonably foreseeable, and thus her release is compelled under *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) (holding that indefinite detention where third-country removal is not reasonably foreseeable violates due process). ECF No. 15 ¶¶ 48–49. The argument lacks merit. No such "presumption" against Petitioner's removability makes sense, given that Petitioner has a valid, final order of removal and Respondents intend presently to execute it. Further, any brief detention necessary to facilitate this straightforward removal simply does not run afoul of *Zadvydas*.[1]

Petitioner next argues that Respondents' failure to afford her notice and an opportunity to be heard prior to her detention violates the procedural safeguards articulated in 8 C.F.R. § 241.1(l) and the Fifth Amendment Due Process Clause, and thus compels her release. ECF No. 15 ¶¶ 66–67. True, "an agency's failure to afford an individual procedural safeguards required under its own regulations may result in the invalidation of the ultimate administrative determination," but only if the petitioner can demonstrate "prejudice resulting from the violation." *United States v. Morgan*, 193 F.3d 252, 266–67 (4th Cir. 1999). *See also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Petitioner cannot demonstrate the requisite prejudice. ICE agents executed

---

[1] Petitioner also relies on *Zavvar v. Scott,* Civ. No. TDC-25-2104, 2025 WL 2592543 (D. Md. Sept. 8, 2025*)* to argue her removal is no longer reasonably foreseeable, because "upon information and belief," Respondents have made no effort to remove the Petitioner from the United States. ECF No. 15 ¶ 49. This case shares little in common with *Zavvar*. *See Zavvar*, 2025 WL 2592543 at *7–8 (finding removal was not reasonably foreseeable under *Zadvydas* when Respondents made no efforts for 17 years, or at best, minimal, unsuccessful efforts to effectuate third-country removal combined with no imminent prospect of removal). Unlike Petitioner, *Zavvar* had been granted withholding of removal, thus requiring Respondents to engage in a lengthy, often unsuccessful, process of finding a third country to which they could remove him. *Id.* at 2. Here, the delay in Petitioner's removal, by contrast, cannot be laid solely at Respondents' feet. Rather, Petitioner has been out of compliance with her ICE supervision conditions for *six years.* ECF No. 15 ¶ 38. While she was unable to check-in with ICE during the COVID pandemic, the offices eventually reopened. And yet, nothing in the record suggests that Petitioner ever attempted to resume contact with ICE once Respondents restored normal operations. Further, now that ICE encountered Petitioner, Respondents can effectuate a straightforward and expeditious removal to Petitioner's home country of Honduras. ECF No. 38-1 at 2. Whereas in *Zavvar,* Respondents' scattershot and inchoate attempt to claim removal to Romania and next Australia undermined any assertion that Zavvar's removal was reasonably foreseeable.

a lawful warrant for her removal which "commands" that they take Petitioner "into custody *and remove* [her] *from the United States*." ECF No. 15-1 at 25 (emphasis added). Executing the removal order will necessarily involve brief detention for so long as to transport her to Honduras. Thus, where Petitioner is taken into custody to execute the removal order expeditiously, the failure to give her notice in advance of her arrest and her opportunity to be heard cannot be said to have prejudiced her.

Nor does the Court consider brief detention here, even absent a pre-deprivation hearing, to violate due process. ECF No. 40 at 3–5, 14. Petitioner does not dispute the validity of the final order of removal. And nothing suggests that Respondents took Petitioner into custody for any purpose other than removing her to Honduras. Thus, the Court is hard pressed to find that brief custodial detention necessary to facilitate such removal—for which Respondents maintain lawful authority to execute—can amount to a due process violation.

Given that the claims appear doomed, the Court concludes that no basis exists for the injunction to remain in place. For this reason, the Court hereby **VACATES** the orders barring Petitioner's removal from the United States, ECF Nos. 3, 19, and 35. That said, the Court will hold the Petition in abeyance pending execution of the removal order. Should Respondents fail to expeditiously remove Petitioner, then future prolonged detention may ripen into a viable claim. *Cf. Zadvydas,* 533 U.S. at 699. Accordingly, **within 21 days from the date of this Order,** Respondents shall submit a written status report as to whether Respondents have removed Petitioner to Honduras, and if removal has not been executed, state the reasons for the delay.

So, Ordered.

Date: June 5, 2026

/s/
_____
PAULA XINIS
United States District Judge

4