**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DIONICIA HERNANDEZ GUEVARA, | * | |
| Petitioner, | * | |
| v. | * | Civ. No. 1: 26-cv-01673-PX |
| VERNON LIGGINS,<br>Field Office Director | * | |
| for U.S. Immigration and<br>Customs Enforcement, | * | |
| Baltimore Field Office | * | |
| Respondents. | * | |

\*\*\*

**<u>ORDER</u>**

Pending is Petitioner Dionica Hernandez Guevara ("Hernandez Guevara")'s Emergency Motions for Reconsideration or in the alternative Motion for Partial Final Judgment pursuant to Federal Rule of Civil Procedure 54. ECF Nos. 42 & 43. The motions are fully briefed and for the following reasons, the Court denies Hernandez Guevara's requested relief.

The Court has previously discussed the facts underlying its original decision and will not repeat them here. Hernandez Guevara filed her habeas petition on April 28, 2026, pursuant to 28 U.S.C. § 2241, which triggered a temporary injunction on her removal until this Court could assess the merits of her claims. On June 5, 2026, after full briefing, the Court determined Hernandez Guevara is not likely to prevail on her request for immediate release, and no grounds exist to continue enjoining her lawful removal to Honduras. ECF No. 41. Hernandez Guevara now moves for reconsideration of the decision to lift, or dissolve, the injunction. ECF No, 43. Hernandez Guevara principally argues this Court's decision had been grounded in clear error, namely that the Court erred in concluding Hernandez Guevara had been arrested pursuant to a lawful warrant of

1

removal.  ECF No. 43 at 4.  Alternatively, Hernandez Guevara asks that the court enter final judgment on its decision to lift the injunction so that Hernandez Guevara may appeal the decision to the Fourth Circuit.  *Id*. at 5; ECF No. 46 at 4.

Turning first to the reconsideration motion, Hernandez Guevara invokes Federal Rule of Civil Procedure 60(b) which allows relief "from a final judgment, order, or proceeding" based on a list of enumerated grounds, or for "any other reason that justifies relief."  FED. R. CIV. P. 60(b). Importantly, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982).  *See also Bank v. M/V "Mothership", et al.,* 427 F. Supp. 3d 655, 660 (D. Md. 2019) ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.") (citation omitted).  "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Williams*, 674 F.2d at 313.  "Disposition of a motion under Fed. R. Civ. P. 60(b) is within the sound discretion of the district court."  *Evans v. United Life & Acc. Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989) (quoting *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir.1973)).

Hernandez Guevara particularly seeks relief under Rule 60(b)(1) based on "mistake, inadvertence, surprise, or neglect."  FED. R. CIV. P. 60(b)(1); ECF No. 43 at 1.  A "mistake" under Rule 60(b)(1) includes the district court's misapplication of "controlling law to record facts." *Kemp v. United States*, 596 U.S. 528, 534–5 (2022).  The asserted "mistake," says Hernandez Guevara, is that, contrary to the Court's finding, the evidence does not show that ICE agents arrested Hernandez Guevara pursuant to a "lawful" warrant of removal.  ECF No. 43 at 2.  But even if the Court erred in overstating the "lawfulness" of Hernandez Guevara's arrest, the decision to lift the injunction did not depend on this fact.  Rather, the Court dissolved the injunction because (1) a valid and final order of removal exists, (2) Respondents intend to expeditiously execute that

2

order, and (3) Hernandez Guevara did not persuade the Court that the circumstances of her brief detention to effectuate lawful removal offends due process. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). ECF No. 41.[1]

Nor does Hernandez Guevara provide any legal support for the contention that the circumstances of her arrest somehow prohibit Respondents from swiftly removing her. ECF No. 43 at 4; ECF No. 46 at 3. The evidence shows that ICE agents encountered Hernandez Guevara, determined she was subject to a valid and final removal order, and took her into custody to execute that order. ECF No. 38-3; ECF No. 24-1 ¶ 6. That Respondents may have detained Hernandez Guevara on the same day they obtained the warrant for removal does not undermine the validity of their actions, especially under her particular circumstances.[2] *See* 8 U.S.C. § 1231. *See also* 38-4. Thus, in contrast to the wealth of authority she cites, no legal impediment exists for her brief detention in connection with the valid execution of that removal order. *See Garcia Lanza v. Noem*, No. 26-0029 (GRB), 2026 WL 585130at *4–5 (E.D.N.Y. Mar. 3, 2026) (Petitioner, a special immigration juvenile status recipient, had no final order of removal); *Castanon Nava v. Dep't of Homeland Sec.*, 806 F. Supp. 3d 823, 844 (N.D. Ill. 2025), *aff'd in part sub nom.*, 175 F.4th 828, 844 (7th Cir. 2026) (no order of removal); *Urquilla-Ramos v. Trump*, 821 F. Supp. 3d 603, 631 (S.D.W. Va. 2026) (Petitioner in removal proceedings was entitled to a bond hearing under § 1226(a)); *Alberto C.M. v. Noem*, 817 F. Supp. 3d 735, 739 (D. Minn. 2026) ("ICE does not have authority to detain a noncitizen under § 1226 who was arrested without a warrant.") (citation

---

[1] Petitioner also presses that the Court erred because it did not first give her requested "discovery" on the circumstances surrounding her arrest. ECF No. 43 at 2. Habeas petitioners are not entitled to discovery absent a showing of good cause. *See* Rule 6(a), Rules Governing Section 2254 Cases in the United States District Court (authorizing courts to apply the Habeas Rules to petitions filed under 28 U.S.C. § 2241). *See also Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Petitioner has failed to make that showing. Regardless of the circumstances surrounding her encounter with ICE agents, it is not disputed that ICE learned Petitioner had a valid and *final* removal order for which no impediments to its execution existed, and so they took her into custody to remove her pursuant to that order.

[2] Hernandez Guevara does not argue that the Court erred in finding she had failed to check in with ICE, or otherwise comply with her release conditions, for six years. *Compare* ECF No. 41 *with* ECF Nos. 42 & 43.

omitted); *Quezada-Estrada, v. Lyons*, No. 26-CV-01599-NYW, 2026 WL 1361880, at *4 (D. Colo. May 15, 2026) ("absent a warrant a noncitizen may not be arrested and detained under section 1226(a).") (citation omitted); *A.B.D. v. Wamsley*, No. 6:25-CV-02014-AA, 2026 WL 178306, at *8–9 (D. Or. Jan. 22, 2026) (finding § 1226 applied to petitioner). Accordingly, Hernandez Guevara has not justified reconsideration by showing the Court had misapplied "controlling law to record facts." *Kemp*, 596 at 534–5. Because her argument amounts to no more than a "request that the district court change its mind," the motion for reconsideration is denied. *Williams*, 674 F.2d at 313.

Hernandez Guevara alternatively asks for the Court to enter a partial final judgment under Rule 54 so she may appeal the decision. Fed. R. Civ. P. 54. ECF No. 43 at 4. The Court does not fully understand the request because, pursuant to 28 U.S.C. § 1292 (a)(1), Hernandez Guevara may, as of right, take an immediate interlocutory appeal of the Court's order vacating the injunction. *See* 28 U.S.C, § 1292(a)(1) (conferring on the courts of appeals "jurisdiction of appeals from . . . (1) [i]nterlocutory orders of the district courts of the United States . . . or of the judges thereof . . . dissolving injunctions or refusing to dissolve or modify injunctions.").[3] Thus, Hernandez Guevara may note an interlocutory appeal without this Court entering final judgment.

Based on the foregoing, the Court **denies** the motions for reconsideration and entry of final judgment at ECF Nos. 42 & 43.

Date: June 10, 2026

/s/
_____
PAULA XINIS
United States District Judge

---

[3] The order "vacating" the injunction is functionally equivalent to dissolving it, and the order has the kind of "serious, perhaps irreparable consequences" on Hernandez Guevara who is now subject to expeditious removal that qualifies for this exception to the final judgment rule. *See Carson v. American Brands,* 450 U.S. 79, 84–85 (1981).